IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nathaniel Harold Green, <br><br> PLAINTIFF <br><br> v. <br><br> Internal Revenue Service, William P. Barr, Sherri A. Lydon, <br><br> DEFENDANTS | Case No. 2:20-cv-2469-TLW <br><br><br> **Order** |

Plaintiff Nathaniel Harold Green, proceeding pro se and *in forma pauperis*, filed this civil action seeking 12 billion dollars in damages for reasons that are unclear. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 15.

In the Report, the magistrate judge recommends that Plaintiff's case be dismissed because it is barred by res judicata in light of this Court's prior dismissal of a similar case of his.[1] He did not file objections to the Report. This matter is now ripe for decision.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636.

---

[1] *Green v. Internal Revenue Serv.*, No. 2:19-cv-03253-TLW, 2020 WL 2839183 (D.S.C. June 1, 2020), *appeal docketed*, No. 20-1723 (4th Cir. July 6, 2020).

1

In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

As noted above, the Report recommends dismissal of this case due to the application of res judicata. However, the prior case was dismissed without prejudice, *Green*, 2020 WL 2839183, at *2, and "dismissal without prejudice is a dismissal that does not operate as an adjudication upon the merits and thus does not have a res judicata effect," *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 396 (1990) (cleaned up). But while the Court cannot conclude that this case is barred by res judicata, it is subject to dismissal because it is nonsensical. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or . . . fails to state a claim on which relief may be granted . . . ."); *see also United States v. Patel*, 879 F.2d 292, 295 (7th Cir. 1989) ("When issues patently lack merit, the reviewing court is not obliged to devote scarce judicial resources to a written discussion of them.").

Because the Court agrees with the Report's conclusion that this case should be dismissed, the Report, ECF No. 15, is **ACCEPTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

                                                        *s/ Terry L. Wooten*
                                                        Terry L. Wooten
                                                        Senior United States District Judge

April 22, 2021
Columbia, South Carolina